IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

RICHARD STEPHEN FAIRCHILD,    )
                              )
        Petitioner,           )
                              )
vs.                           )   Case No. CIV-01-1550-D
                              )
ANITA TRAMMELL, Warden,       )
    Oklahoma State Penitentiary, )
                              )
        Respondent.[1]        )

## MEMORANDUM OPINION

In Fairchild v. Workman, 579 F.3d 1134 (10th Cir. 2009), the Tenth Circuit addressed

Petitioner's claim that his trial counsel was ineffective for failing to investigate and present

evidence of organic brain damage at his 1996 trial.  Although Petitioner had presented a

similar claim to the Oklahoma Court of Criminal Appeals ("OCCA") in his first post-

conviction application, the Tenth Circuit found the claim presented in Ground Seven of his

habeas petition to be "a very different, far more specific, claim."  Fairchild, 579 F.3d at 1147.

The court found that Petitioner's claim was made stronger in federal court because Petitioner

was able to shore up the evidentiary deficiencies in his original claim.  Through the affidavits

of two mental health experts, the court found that Petitioner "establish[ed] the link between

_____

[1] On September 24, 2012, Anita Trammell replaced Randall Workman as warden of the Oklahoma State Penitentiary.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court finds that Ms. Trammell should be substituted for Mr. Workman as the proper party Respondent. See Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.").

his prior history of drug abuse and head injuries *and* possible physical, organic brain injury; and furnish[ed] evidence that he in fact had such an injury." Id. at 1149. "The affidavits of Drs. Smith and Crown, taken together, suggest more than alcohol-induced explosiveness (i.e., that Mr. Fairchild was a mean drunk) – they point to the possibility of separate physical brain damage, which could be aggravated in a pathologically severe way by the ingestion of alcohol." Id. at 1150. Because the court found this new evidence so significant as to be claim altering, the court held that the merits of Petitioner's Ground Seven could not be addressed until the matter of exhaustion was addressed. Id. at 1150-52.

Acknowledging the Supreme Court's holding in Rhines v. Weber, 544 U.S. 269, 275-79 (2005), that under certain circumstances a district court has discretion to stay a mixed petition to allow a petitioner to exhaust his unexhausted claims in state court, the Tenth Circuit found that Petitioner should be given the opportunity to demonstrate his entitlement to a stay under Rhines. Fairchild, 579 F.3d at 1152-55. Accordingly, the Tenth Circuit vacated the Judgment previously entered by this Court, Doc. 35, and remanded the matter for consideration of Rhines and for "further proceedings consistent with" its decision. Id. at 1155.

## Proceedings After Remand

Following remand, this Court issued an order for the parties to respond to the availability of Rhines' stay-and-abeyance procedure. Doc. 46. Petitioner responded by filing a Motion to Hold Proceedings in Abeyance and Brief in Support; however, in that Motion,

Petitioner advised that he had already filed a second post-conviction application.[2]  Doc. 48.
By the time Respondent responded to the Motion, Doc. 49, the OCCA had already
adjudicated the application and denied relief.  Fairchild v. State, No. PCD 2009-895 (Okla.
Crim. App. Dec. 1, 2009) (unpublished).

Finding the Rhines issue mooted by the accomplishment of exhaustion, the Court
denied Petitioner's Motion for an abeyance and granted the parties the opportunity to file
supplemental briefs addressing the OCCA's adjudication of Petitioner's second post-
conviction relief application.  Doc. 52.  Respondent, who elected not to file a supplemental
brief but to instead rely on the arguments presented in the Response to Petitioner's Motion
for an abeyance, argues that the OCCA's application of a procedural bar to Petitioner's
Ground Seven should be respected and enforced by this Court.  Respondent asserts that the
procedural bar applied by the OCCA is both independent and adequate; that Petitioner cannot
demonstrate cause and prejudice to overcome the procedural bar by asserting the
ineffectiveness of his first post-conviction counsel; and that Petitioner cannot meet the
fundamental miscarriage of justice exception which requires Petitioner to make a colorable
showing of actual innocence.  Doc. 49.

In his Supplemental Procedural Brief, Doc. 57, Petitioner counters with four
arguments against the enforcement of a procedural bar: (1) because the OCCA construed his

---

[2] In his second post-conviction application, Petitioner presented two propositions of error
claiming that all of his previous counsel (trial counsel, direct appeal counsel, and first-post
conviction counsel) were ineffective for failing to investigate and present evidence of his organic
brain damage. Attached to his application were the two affidavits of Drs. Smith and Crown which
had been obtained several years after his first post-conviction application.

second post-conviction claims as simple reassertions of the claim raised in his first post-conviction application, the OCCA's ruling on his second post-conviction application is of no consequence to federal review; (2) the procedural bar applied by the OCCA is inadequate in light of Valdez v. State, 46 P.3d 703 (Okla. Crim. App. 2002); (3) the OCCA's application of Valdez demonstrates that the procedural bar applied by the OCCA is not independent; and (4) Petitioner meets the miscarriage of justice exception because his new evidence "undercuts [his] eligibility for death under Oklahoma law." Doc. 57, p. 10 fn.10. In an additional supplemental brief, Petitioner also argues that the principles of Martinez v. Ryan, ___ U.S. ___, 132 S. Ct. 1309 (2012), should be applied to his case and he should be allowed to rely upon the ineffectiveness of his first post-conviction counsel as cause for failing to raise his Ground Seven at the first opportunity. Doc. 60.

## Analysis

Analysis of this case begins with the law of the case. On appeal, the Tenth Circuit determined that the claim presented by Petitioner in his Ground Seven is not the same claim he presented to the OCCA in his first post-conviction application. Thus, despite Petitioner's arguments to the contrary, this Court is bound by this determination. See Abeyta v. Albuquerque, 664 F.3d 792, 797 n.5 (10th Cir. 2011) (discussing the law of the case doctrine). As the case now stands, exhaustion of Ground Seven has been accomplished. Citing its procedural rules governing consideration of subsequent post-conviction

applications, the OCCA declined to hear the merits of the claim.  The question now is whether that procedural bar is valid.[3]

**Procedural Bar**

"It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.'" Cone v. Bell, 556 U.S. 449, 465 (2009) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)). "The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." Coleman, 501 U.S. at 729-30.  Whether a state-applied procedural bar is adequate and independent is a federal question.  Id. at 736 ("federal habeas courts must ascertain for themselves if the petitioner is in custody pursuant to a state court judgment that rests on independent and adequate state grounds").

While Oklahoma's requirement that trial counsel ineffectiveness claims be raised on direct appeal has been highly scrutinized, the Tenth Circuit has repeatedly recognized the application of a procedural bar to claims which could have been raised in an initial post-conviction application but were not.  See Bland v. Sirmons, 459 F.3d 999, 1012 (10th Cir. 2006); Medlock v. Ward, 200 F.3d 1314, 1323 (10th Cir. 2000); Smallwood v. Gibson,

---

[3] In its decision, the Tenth Circuit acknowledged that a procedural bar to Petitioner's Ground Seven was a possibility.  Fairchild, 579 F.3d at 1153 ("If the state court resolves the unexhausted claim on a procedural ground, such as a procedural bar under state law, the federal court will review that disposition, applying the standard of review that is appropriate under the circumstances.").

191 F.3d 1257, 1267 (10th Cir. 1999); Moore v. Reynolds, 153 F.3d 1086, 1096-97 (10th

Cir. 1998).  Section 1089(D)(8) of Title 22 of the Oklahoma Statutes provides,

> . . .if a subsequent application for post-conviction relief is filed after filing an original application, the Court of Criminal Appeals may not consider the merits of or grant relief based on the subsequent . . . application unless:

>> a.    the application contains claims and issues that have not been and could not have been presented . . . in a previously considered application filed under this section, because . . .

>>> b.    (1)    the application contains sufficient specific facts establishing that the current claims and issues have not and could not have been presented . . . in a previously considered application filed under this section, because the factual basis for the claim was unavailable as it was not ascertainable through the exercise of reasonable diligence on or before that date, and

>>> (2)    the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the alleged error, no reasonable fact finder would have found the applicant guilty of the underlying offense or would have rendered the penalty of death.

In denying Petitioner's second post-conviction application, the OCCA recited the above

provision and found that "[t]he information presented in this application contains facts which

were available to both trial and appellate counsel." Fairchild, No. PCD 2009-895, slip op.

at 3-4.  The OCCA additionally found that Petitioner had waived consideration of the issues

given his failure to present the affidavits of Drs. Smith and Crown within sixty days of their

discovery.  Id. at 4.  Finally, given that Petitioner's first post-conviction counsel raised a

claim of both trial and appellate counsel ineffectiveness based on these same facts, the OCCA found that Petitioner's current claims were "merely the expansion of the theories espoused in the original application for post-conviction relief." Id.

As noted above, Petitioner asserts that this Court should not recognize the procedural bar applied to his second post-conviction application because it is neither adequate nor independent. In support of these assertions, Petitioner cites to Valdez and cases in which the OCCA applied it to excuse the application of a procedural bar to claims presented in subsequent applications. However, recent cases from the Tenth Circuit expressly reject Petitioner's arguments. In Black v. Workman, 682 F.3d 880, 914-19 (10th Cir. 2012), and Black v. Tramwell [sic], 2012 WL 4947812 (10th Cir. Oct. 18, 2012) (unpublished), the Tenth Circuit found that, despite Valdez and the cases applying it, the OCCA's procedural bar to claims presented in a subsequent post-conviction application is both adequate and independent. In addition to Black, two additional 2012 cases, Banks v. Workman, 692 F.3d 1133, 1144-47 (10th Cir. 2012), and Thacker v. Workman, 678 F.3d 820, 834-36 (10th Cir. 2012), reached similar conclusions. See also Spears v. Mullin, 343 F.3d 1215, 1254-55 (10th Cir. 2003). In light of this authority, Petitioner's Valdez-based attack on the OCCA's application of a procedural bar to his Ground Seven fails – the OCCA's procedural bar here is adequate and independent.

Having found that the procedural bar applied by the OCCA to Petitioner's second post-conviction relief application is both adequate and independent, the Court cannot consider the merits of Petitioner's Ground Seven unless he can satisfy an exception. The first

7

exception, cause and prejudice, requires a petitioner to demonstrate that some external objective factor, unattributable to him, prevented his compliance with the procedural rule in question. Spears, 343 F.3d at 1255. A petitioner must also show that the failure resulted in actual prejudice. Thornburg v. Mullin, 422 F.3d 1113, 1141 (10th Cir. 2005). The second exception can be met by showing that a fundamental miscarriage of justice will occur if the claim is not heard. This requires a petitioner to make "a colorable showing of factual innocence." Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000). "In the specific context of a sentencing challenge, the Supreme Court has held actual innocence requires the petitioner to show 'by clear and convincing evidence that but for constitutional error, no reasonable juror would find him eligible for the death penalty under [state] law.'" Brecheen v. Reynolds, 41 F.3d 1343, 1357 (10th Cir. 1994) (citing Sawyer v. Whitley, 505 U.S. 333, 348 (1992)). See also Black, 682 F.3d at 915-16.

        In an attempt to meet the cause and prejudice exception, Petitioner claims that his first post-conviction counsel was ineffective. As noted above, Petitioner relies upon the Supreme Court's decision in Martinez to support his claim. However, Martinez is a very limited exception to the general rule recognized in Coleman. In Coleman, the Supreme Court held that because there is no constitutional right to counsel in state post-conviction proceedings, a habeas petitioner cannot overcome the imposition of a procedural bar by claiming that his post-conviction counsel was ineffective. Coleman, 501 U.S. at 753. In Martinez, the Supreme Court recognized a very narrow exception to this rule – ineffective assistance by post-conviction counsel can operate as cause "where the State bar[s] a defendant from raising

8

the claims on direct appeal." <u>Martinez</u>, 132 S. Ct. at 1320.  Because Oklahoma law permits defendants to raise trial counsel ineffectiveness claims on direct appeal,[4] the <u>Martinez</u> exception does not apply.  <u>Banks</u>, 692 F.3d at 1148.

Trying to meet the fundamental miscarriage of justice exception, Petitioner claims in a footnote that he is innocent of the death penalty because "the evidence undercuts [his] eligibility for death under Oklahoma law." Doc. 57, p. 10 fn.10.  Petitioner argues that "[r]easonable jurors would not now find aggravation outweighs mitigation, preventing them from reaching the final discretionary step with the death penalty as a sentencing option." <u>Id.</u> However, as the Supreme Court held in <u>Sawyer</u>, "the 'actual innocence' requirement must focus on those elements that render a defendant eligible for the death penalty, and not on additional mitigating evidence that was prevented from being introduced as a result of a claimed constitutional error." <u>Sawyer</u>, 505 U.S. at 347.  "Thus, even if state law considers the outweighing of mitigating circumstances as an 'element' of a capital sentence, it is not an element for purposes of the actual-innocence inquiry." <u>Black</u>, 682 F.3d at 916.

Having failed to meet an exception to the application of a procedural bar to his Ground Seven, the Court finds that the claim is procedurally barred. Petitioner's Ground Seven is therefore denied.  As for Petitioner's remaining claims, the Court, having reviewed

---

[4] <u>Martinez</u> applies only where *the State* prevents the presentation of trial counsel ineffectiveness claims on direct appeal.  The fact that Petitioner's direct appeal counsel filed a disclaimer in an attempt to excuse her compliance with Oklahoma's procedures is of no consequence. Petitioner cites no authority, and the Court is aware of none, which condones an attorney's unilateral, self-serving declaration of ineffectiveness to bypass compliance with state procedural rules.

and given thoughtful consideration to Judge Thompson's Memorandum Opinion, Doc. 34, finds that it should be adopted and incorporated herein as the opinion of the Court for all remaining claims.  Habeas relief is hereby DENIED.  A judgment will enter accordingly.

IT IS SO ORDERED this 10th  day of January, 2013.

_____

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE