IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD STEPHEN FAIRCHILD, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
| vs. | )  Case No. CIV-01-1550-D |
| | ) |
| ANITA TRAMWELL, Warden, | ) |
|    Oklahoma State Penitentiary, | ) |
| | ) |
|    Respondent. | ) |

## ORDER DENYING CERTIFICATE OF APPEALABILITY

On this date, the Court issued a Memorandum Opinion and Judgment denying Petitioner's request for habeas relief. Docs. 61 and 62. Pursuant to 28 U.S.C. § 2253(c)(1), Petitioner may not appeal the denial of his habeas petition unless he obtains a certificate of appealability (COA). A COA is claim specific and appropriate only if Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2), (c)(3). When a claim has been denied on the merits, the COA standard is whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where AEDPA deference has been applied in the denial of a claim on the merits, that deference is incorporated into the COA determination. Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004).

When a claim has been dismissed on a procedural ground, Petitioner faces a "double hurdle." Coppage v. McKune, 534 F.3d 1279, 1281 (10th Cir. 2008).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack, 529 U.S. at 584.

> Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

Id.

The Court notes that when Petitioner was originally denied relief by Judge Thompson, Petitioner requested a COA on ten of the twelve grounds raised. Doc. 36. Judge Thompson issued a COA on five grounds (One, Two, Three, Seven, and Eleven). Doc. 40. In the Tenth Circuit, Petitioner requested a COA on one additional ground (Twelve); however, the request was denied as moot. Fairchild v. Workman, 579 F.3d 1134, 1139 (10th Cir. 2009). While acknowledging this case history, the Court finds that, given that the prior Judgment in this case was vacated, the previously issued COA is of no effect, and having thoroughly reviewed each claim raised by Petitioner, the Court finds that none satisfy the standard for the granting of a COA.

Although it is sufficient to state that, for the reasons set forth in the Memorandum Opinion issued this date, a COA should be denied as to all grounds raised by Petitioner,

given the previous grant of a COA as to certain grounds, the Court offers this further explanation.

Petitioner's Grounds One and Three both concern the requisite mental intent for child abuse murder. In his Ground One, Petitioner argues that it is a specific intent crime. Petitioner claims that the direct appeal decision by the Oklahoma Court of Criminal Appeals in his case changed the requisite intent from specific to general. Petitioner argues that this change violates his due process and equal protection rights. In his Ground Three, Petitioner extends his Ground One argument to assert that if the offense is a specific intent crime, then he was entitled to instructions on voluntary intoxication and lesser-included offenses. In Evans v. Ray, 390 F.3d 1247 (10th Cir. 2004), the Tenth Circuit thoroughly addressed the same arguments raised in Petitioner's Ground One and found them lacking in merit. Because Evans effectively disposes of Petitioner's Ground One, a COA is unwarranted on both Petitioner's Grounds One and Three. Because child abuse murder is a general intent crime, Petitioner was not entitled to the instructions he requested. See Malicoat v. Mullin, 426 F.3d 1241, 1252-54 (10th Cir. 2005) (denying a child abuse murderer's Beck claim based on the trial court's failure to give an instruction on second degree depraved mind murder).

Petitioner's Ground Two is also not debatable among reasonable jurists given the Tenth Circuit's holding in Workman v. Mullin, 342 F.3d 1100, 1109-15 (10th Cir. 2003). Because Petitioner actually killed the victim, there is no Edmund/Tison problem with Petitioner's sentence. See also Malicoat, 426 F.3d at 1254-55. Tenth Circuit precedent also

forecloses relief to Petitioner on his Ground Eleven. See Welch v. Workman, 639 F.3d 980, 1004-06 (10th Cir. 2011); McCracken v. Gibson, 268 F.3d 970, 980-81 (10th Cir. 2001); Mayes v. Gibson, 210 F.3d 1284, 1294 (10th Cir. 2000). Finally, given the Tenth Circuit's recent pronouncements upholding the procedural bar applied in this case, the Court finds that its ruling on Petitioner's Ground Seven would not spark debate among reasonable jurists.

For the foregoing reasons, a COA is denied as to all grounds.

IT IS SO ORDERED this 10th day of January, 2013.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE